```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 U.S. BANK TRUST NATIONAL ASSOCIATION
 AND DLJ MORTGAGE CAPITAL INC.,
                                              MEMORANDUM & ORDER
                 Plaintiffs,                  25-CV-938(EK)(CLP)


                   -against-

 JACQUES POLANCO JR.,

                 Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

  Jacques Polanco Jr., proceeding *pro se*, seeks to remove a state foreclosure action — Index No. 722134/2022 — from the Supreme Court of the State of New York, County of Queens. ECF No. 1 at 1, 10. Polanco's request to proceed *in forma pauperis* is granted for the limited purpose of this action. ECF No. 2. For the reasons set forth below, the action is remanded to the state court pursuant to 28 U.S.C. § 1447(c).

## I. BACKGROUND

  Polanco filed his Notice of Removal on the federal form complaint for a civil action. Notice of Removal 1 ("Remov. Not."), ECF No. 1 at 1. On the caption, above the phrase "Complaint for a Civil Case," Polanco handwrote "Notice of Removal." *Id.* Throughout the document, Polanco identifies himself as the plaintiff. *Id.* at 2, 4-6, 7. However, the state

court documents show that Polanco is the defendant; DLJ Mortgage Capital Inc. sued Polanco, three New York City agencies, and twelve John Doe defendants. *Id.* at 10-18.[1]

Here, Polanco invokes this Court's federal question and diversity jurisdiction. *Id.* at 4.[2] He does not state his citizenship in the Notice of Removal, instead referring to himself as "a private American National of the union of the state of New York." *Id.* He alleges that U.S. Bank Trust National Association is a citizen of Delaware and Texas and that DLJ Mortgage is a citizen of Delaware and New York. *Id.* 5-6. Polanco claims federal question jurisdiction based on 28 U.S.C. § 1331 and Article III, Section 2, of the United States Constitution. *Id.* 4. Polanco alleges he was "denied due process," but he identifies no procedural or substantive loss. *Id.* at 5. He seeks "[e]quitable relief" consisting of "Full title to real property in Plaintiff's name. Satisfaction of mortgage in the county records. Full cancellation or setoff of the alleged obligation. Void any security interest in the property from any banks, servicers or financial institutions.

---

[1] Polanco's Notice of Removal named both U.S. Bank Trust National Association and DLJ Mortgage Capital Inc. as defendants. The action was initially brought by only DLJ Mortgage Capital Inc.; in a later state court filing, DLJ Mortgage Capital, Inc. sought to substitute U.S. Bank Trust National Association as the plaintiff but the docket does not indicate whether this substitution was entered. ECF No. 1 at 19-20.

[2] As the Notice of Removal is not consecutively paginated and is docketed together with the supporting documents, the Court refers to the pages assigned by the Electronic Case Filing System ("ECF").

2

Property free and clear. Rule in favor of the Plaintiff with prejudice." *Id.* at 7.

Polanco has since filed a document captioned an "Amended Complaint," which includes an amended Notice of Removal, an application to seal the proceeding, documents from the original mortgage and the pending foreclosure proceeding, ECF No. 5, and a separate request to "commence suit and proceed under seal, ex parte," ECF No. 6 at 1. He requests to "seal the cause on the register in chancery." *Id.* He has not, however, provided any reasons that the case should be shielded from public view.

## II. DISCUSSION

### A. Standard of Review

*Pro se* submissions are held to less stringent standards than those drafted by attorneys. The Court will thus read a *pro se* submission liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

The removal statute provides that "any civil action brought in a State court of which the district courts of the

3

United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United Sates for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A claim may only be removed to federal court if it could have been originally filed in federal court. *Id.*; *see also Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir. 1998).[3] "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).[4] "[T]he party invoking federal jurisdiction" has the "burden to establish [its] existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019).

A court may remand a removed case to state court *sua sponte* whenever it finds subject matter jurisdiction lacking. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006). It may also remand *sua sponte* for a procedural defect within the first thirty days after removal. *Mitskovski*, 435 F.3d at 131-33.

---

[3] Therefore, a case invoking a federal defense is insufficient to invoke the federal court's federal question jurisdiction. *See McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) ("Under the 'well-pleaded complaint rule,' a defendant generally may not 'remove a case to federal court unless the *plaintiff's* complaint establishes that the case arises under federal law.").

[4] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

4

**B.    Remand Is Required Here**

Both jurisdictional and procedural defects require the Court remand this case to state court.

1.    Subject Matter Jurisdiction

First, this Court lacks subject matter jurisdiction. Polanco invokes both federal question jurisdiction and diversity jurisdiction, but he has established neither.

First, there is no federal question jurisdiction under § 1331.  The Notice of Removal premises federal subject matter jurisdiction on 28 U.S.C § 1331, which is simply the statute addressing federal question jurisdiction, and Article III, section 2 of the Constitution, which also provides for federal court jurisdiction over claims involving the United States and federal law.  Remov. Not. at 4-5.  But beyond the jurisdictional statute, Polanco invokes no federal law.  Nor does he explain how the Queens Supreme Court proceeding — involving a foreclosure action based on New York State law and between citizens of New York — raises a federal question.

The only potential federal issue Polanco raises is an alleged due process violation by the state court plaintiffs. But since Polanco is the *defendant* in state court, this would be a counterclaim, which cannot serve as a basis for removal. *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009).  Regardless, Section 1983 actions do not lie against private parties,

5

generally speaking, and Polanco has not alleged that any state actor violated his constitutional rights.

To remove based on diversity jurisdiction, the defendant must establish complete diversity and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332.  Complete diversity means "all plaintiffs must be citizens of states diverse from those of all defendants."  *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014).  To successfully invoke diversity jurisdiction, the plaintiff must therefore allege the citizenship of all parties.  *See Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53-54 (2d Cir. 2019).  Polanco has not done so here.  He does not allege his own citizenship, instead stating he is "a private American National of the union of the state of New York."  Remov. Not. at 4.  This is insufficient.  *See generally Van Buskirk*, 935 F.3d at 53-54.  Moreover, even if Polanco alleged his New York citizenship, there still would be no diversity, as one of the defendants is also a New York citizen.

Since the Court lacks subject matter jurisdiction, the action must be remanded.  28 U.S.C. § 1447(c).

2. <u>Procedural Defects</u>

In addition to the jurisdictional defects, Polanco has not complied with the statutory requirements for removal.

The removal statute sets forth strict deadlines for removal. The Notice of Removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). The sole exception to this thirty-day requirement is if a later filing reveals a basis for jurisdiction that was not previously "ascertain[able]." *Id.* § 1446(b)(3).[5] The defendant then gets a new thirty-day window to remove. *Id.* "Failure to file within the . . . filing period leads to an automatic defeat of the removal petition." *Levchenko v. Chase Bank USA, N.A.,* No. 10-CV-4268, 2011 WL 1099851, at *1 (E.D.N.Y. Mar. 24, 2011).

The instant Notice of Removal was not served within 30 days of the initial pleading, as required by 28 U.S.C. § 1446(b)(1). The initial pleading in the Queens Supreme Court was filed on October 10, 2022. Polanco's Notice of Removal was filed more than two years later. And he points to no later filing that allowed him to "first . . . ascertain[ ] that the case is one which is or has become removable," and as such would

---

[5] In diversity cases, there is an additional one-year bar to removal: "A case may not be removed under [§ 1446](b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C § 1446(c)(1).

7

have restarted the removal clock.  *Id.* § 1446(b)(3).[6]  Polanco's removal is untimely and the case must be remanded.

In addition, the removal statute requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  *Id.* § 1446(b)(2)(A); *see also Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) ("rule of unanimity" requires that all defendants "independently express their consent to removal").  There are at least six other defendants who were served in the state action.  *See DLC Mortgage Capital, Inc. v. Polanco et. al,* Case No. 722134/2022 (Sup. Ct. of N.Y., Queens Division).  But Polanco is the only defendant who signed the instant Notice of Removal.

**C.   Sealing Motion**

Polanco has requested that the action be filed under seal "on the register in chancery."  A party requesting the sealing of court documents must overcome a strong presumption in favor of public access to judicial records, *see Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006), and "[t]he burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such an action," *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).  Generally, judicial documents may be sealed "if specific, on the

---

[6] Even if he had identified such a filing, Polanco would then need to address the one-year bar on removal in diversity cases. 28 U.S.C. § 1446(c)(1).

8

record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120.  Here, Polanco provides no specific justification to seal this action which already appears on the public docket in the Supreme Court of the State of New York.  Therefore, the Court denies the motion to file the action under seal.

### III. CONCLUSION

For the reasons set forth above, removal of the New York Supreme Court case under Index No. 722134/2022 to this Court is improper, and the Court hereby remands the action to the Supreme Court of the State of New York, County of Queens, pursuant to 28 U.S.C. § 1447(c).  Polanco's request to seal the action in this Court is denied.

The Clerk of Court is respectfully directed to send a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, County of Queens, to mail a copy of this Order to Polanco at the address he provided, and to close the case in this Court.

SO ORDERED.

/s/ Eric Komitee

                                              ERIC KOMITEE
                                              United States District Judge

Dated:    March 18, 2025
           Brooklyn, New York